NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————————

No. 17-3821

—————————————

UNITED STATES OF AMERICA

v.

ANDREW PERSAUD,

Appellant

—————————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-15-cr-00236-001)
District Judge: Honorable Sylvia H. Rambo

—————————————

Submitted under Third Circuit LAR 34.1(a)
on July 12, 2018

Before: SHWARTZ, ROTH and RENDELL, Circuit Judges

(Opinion filed: May 8, 2019)

—————————————

OPINION[*]

—————————————

ROTH, Circuit Judge.

 In February 2016, Andrew Persaud pled guilty to one count of making false

statements, in violation of 18 U.S.C. § 1001(a). At sentencing, the District Court

---

 [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imposed a below-Guidelines sentence of 21 months' imprisonment and ordered Persaud to pay $1.2 million in restitution. We will affirm the judgment of sentence.

I.

From 1996 until 2013, Persaud was the owner and president of Persaud Companies, Inc. (PCI), a construction company based in Virginia and Maryland. While operating PCI, Persaud engaged in two separate fraudulent schemes, which ultimately led to separate federal sentences. Persaud now appeals the second sentence.

The first scheme took place in the Eastern District of Virginia in mid-to-late 2012. Seeking an increase in PCI's existing line of credit from the Bank of Georgetown, Persaud instructed his employees to provide the Bank with materially false invoices that overstated PCI's accounts receivable. Persaud later secured additional funds from PCI's line of credit by signing and submitting a materially false certification to the Bank. In March 2013, federal prosecutors in the Eastern District of Virginia charged Persaud with bank fraud and falsification of records in a federal investigation. Persaud pled guilty to the charges. In June 2013, the District Court sentenced Persaud to a below-Guidelines sentence of 24 months' imprisonment. Upon completion of his sentence in June 2015, Persaud was released from federal custody.

The second scheme took place in mid-2012 in the Middle District of Pennsylvania. In September 2011, PCI entered into a $4.4 million contact with the U.S. Navy to serve as general contractor for a construction project at the Naval Support Activity facility in Mechanicsburg, Pennsylvania. The project involved numerous subcontractors. In June and July 2012, Persaud submitted three materially false certifications to the Navy in

connection with the project. In the certifications Persaud attested that he had paid the subcontractors with the money he had received from the Navy and that future payments made by the Navy would be used for that same purpose. In reliance on those certifications, the Navy paid Persaud more than $1.2 million between June and August 2012. The certifications were false. By September 2012, most of the subcontractors had walked off the jobsite because they had not been paid by PCI for their work. The subcontractors were eventually compensated for their work by an insurer, Great American Insurance Company (GAIG).[1]

On October 14, 2015, a grand jury in the Middle District of Pennsylvania charged Persaud with three counts of wire fraud and three counts of making false statements, stemming from the false certifications he provided to the Navy. In February 2016, Persaud pled guilty to a single count of making false statements, in violation of 18 U.S.C. § 1001(a).[2] The U.S. Probation Office determined that Persaud's advisory Guidelines range was 33-to-41 months' imprisonment. At sentencing, the District Court adopted that Guidelines calculation without objection from either party. Persaud then asked for a downward variance on the ground that he might have been subject to a lesser aggregate sentence—or perhaps a concurrent sentence—if the instant charges and the charges at issue in the Virginia prosecution had been brought at the same time. Apparently persuaded by this argument, the District Court varied downward from the Guidelines by 12 months and sentenced Persaud to 21 months' imprisonment. In addition, the court

---

[1] GAIG is the issuer of a materials/labor bond that Persaud was required to secure under the terms of PCI's contract with the Navy.

[2] The government consented to dismissal of the remaining charges.

ordered Persaud to pay GAIG $1.2 million in restitution.[3]  After the District Court

announced and imposed its sentence, Persaud did not object to the reasonableness of the

sentence or the requirement that he pay restitution.  Persaud now appeals.[4]

II.[5]

On appeal, Persaud challenges the validity of his sentence and corresponding

restitution obligation.  Persaud's arguments are meritless.

Persaud first argues that the 21-month sentence imposed by the District Court was

procedurally unreasonable because the court failed to adequately address the sentencing

factors, set out in 18 U.S.C. § 3553(a), when imposing sentence.  Because Persaud failed

to raise this procedural objection at sentencing, we review it for plain error.[6]  Our review

convinces us that the District Court did not commit a plain procedural error.  The court

considered the § 3553(a) factors, explained its rationale for the sentence it imposed, and

addressed the primary argument Persaud raised at sentencing and in his sentencing

---

[3] Without supporting evidence, Persaud contends that GIAG obtained an $800,000 civil judgment against him at some point after he perpetrated the fraudulent scheme involving the Mechanicsburg Navy project.

[4] Persaud's counsel at the time did not file a direct appeal.  After sentencing, Persaud obtained new counsel and moved to vacate the sentence under 28 U.S.C. § 2255, arguing that sentencing counsel provided constitutionally deficient assistance by failing to file a direct appeal.  After conducting an evidentiary hearing, the District Court agreed with Persaud that counsel had been ineffective.  As a result, the court vacated the initial judgment of sentence, and then re-imposed the same sentence so that replacement counsel could file a direct appeal.

[5] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 3742(a).

[6] *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc).

4

memorandum.[7]  We thus conclude that Persaud's 21-month sentence was procedurally sound.

Next, Persaud argues that the District Court's sentence was substantively unreasonable because his below-Guidelines sentence violated the parsimony provision, 18 U.S.C. § 3553(a), which requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing.  However, if a sentence is procedurally sound, as here, "we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[8]  Persaud has not made such a showing.  We therefore reject his substantive challenge to his sentence.

Finally, Persaud contends that, because GAIG already has an outstanding $800,000 civil judgment against him, the requirement that he pay GAIG $1.2 million in restitution constitutes an impermissible double penalty.  We review the District Court's restitution order for plain error because Persaud did not challenge the imposition of restitution at sentencing.[9]  However, Persaud has not presented any evidence establishing that GAIG actually has an outstanding civil judgment against him.  Nor has he shown that he has made any payments toward that purported judgment that could be used to offset

---

[7] *See United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) (a plain sentencing error is one that "is 'clear' or 'obvious'" and that "'affected the outcome of the district court proceedings'" (quoting *United States v. Olano*, 507 U.S. 725, 732-34 (1993))).

[8] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) ("[T]he party challenging the sentence has the burden of demonstrating unreasonableness.").

[9] *See, e.g.*, *United States v. Gillette*, 738 F.3d 63, 80 (3d Cir. 2013); *United States v. Hawes*, 523 F.3d 245, 255 (3d Cir. 2008).

5

his restitution obligation.[10]  If there is in fact such a judgment and if GAIC collects on it, Persaud will be entitled to move the district court for a credit or offset to his restitution obligations.[11]  Accordingly, Persaud has not established that his restitution obligation constitutes an impermissible double penalty or that he is entitled to the remedy he seeks.

### III.

For the above reasons, we will affirm the District Court's judgment of sentence.

---

[10] *See* 18 U.S.C. § 3664(j)(2) ("Any amount paid to a victim under an order of restitution shall be reduced by any amount later *recovered* as compensatory damages for the same loss by the victim [in any State or federal proceeding.]" (emphasis added)); *Doe v. Hesketh*, 828 F.3d 159, 169 n. 10 (3d Cir. 2016) (explaining that § 3664(j)(2) "ensures that any duplicative recovery . . . does not violate the . . . principle against double recovery").

[11] *United States v. Yalincak*, 853 F.3d 629, 637 (2d Cir. 2017) (emphasis added) (citing cases); *see* 18 U.S.C. § 3664(j)(2).

6